IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| CONCEPCION VELASQUEZ | § | CIVIL ACTION NO. 4:16-cv-63 |
| | § | |
| VS. | § | |
| | § | |
| KARANJIT SINGH | § | |
| D/B/A SAHIB TRUCKING, AND | § | |
| EZ TRANSPORT, LLC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Concepcion Velasquez files his Original Complaint against Defendants Karanjit Singh d/b/a Sahiab Trucking, and EZ Transport, LLC, and, in support of his causes of action, would respectfully show the following:

## I.
## PARTIES

1.1   Plaintiff Concepcion Velasquez is and was a resident and citizen of the State of Texas and the Western District of Texas at all times relevant to this action.

1.2   Defendant Karanjit Singh d/b/a Sahiab Trucking (hereinafter "Singh") is a natural person, and is and was a resident and citizen of California at all times relevant to this action. Although a nonresident of Texas, and although he neither maintains a regular place of business in Texas nor has a registered agent for service of process in Texas, Defendant Singh was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from Defendant Singh's business in Texas, specifically torts he committed, in whole or in part, in Texas, specifically within the Western District of Texas. Defendant Singh may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve

Defendant Singh at his last known address, 4445 Stevenson Blvd. Apt 37, Fremont, California 94538.

1.3    Defendant EZ Transport, LLC ("EZ Transport") is a California limited liability company with its principal place of business in California. Although a nonresident of Texas, and although it neither maintains a regular place of business in Texas nor has a registered agent for service of process in Texas, Defendant EZ Transport, LLC was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from Defendant EZ Transport, LLC's business in Texas. EZ Transport, LLC may therefore be served with this complaint in accordance with the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12070, Austin, TX 7811, who can in turn serve Defendant EZ Transport, LLC through its registered agent for service of process in the State of California, Varinder Virk, 229 H Street, Modesto, CA 95351.

## II.
## JURISDICTION

2.1    This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between a plaintiff who is a citizen of Texas, and defendants that are all citizens of, are incorporated in, and/or have their principal places of business in, a state other than Texas, specifically California, and the matter in controversy exceeds $75,000.00, exclusive of costs and interest.

2.2    This Court has personal jurisdiction over each defendant because each defendant (1) conducts business in, and engages in foreseeable, intentional, continuous, and/or systematic contacts within Texas, and specifically within the Western District of Texas; and/or (2) committed torts, in whole or in part, while within Texas, and specifically within the Western District of Texas, and said torts give rise to this action.

Thus, there is both general and specific personal jurisdiction, and exercising jurisdiction over defendants does not offend the traditional notions of fair play and substantial justice.

## III.
## VENUE

3.1	Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the Western District of Texas.

## IV.
## BACKGROUND FACTS

4.1	On or about September 6, 2014, at approximately 8:34 p.m., Concepcion Velasquez was the properly seatbelted driver of a pickup truck traveling northbound on US 285 in Pecos County, Texas.

4.2	At the same time, Defendant Singh was driving a tractor-trailer northbound on US 285.

4.3	Just before the subject collision, Singh was traveling at an unsafe speed when he lost control of his tractor-trailer and crossed over into the southbound lanes of US 285, where he struck the west wall, and then crossed back over into the northbound lane where he then struck the east wall where he finally came to a stop with his tractor-trailer spanning the entirety of the northbound lanes of US 285.

4.4	Defendant Singh was contracted by EZ Transport, LLC to deliver a load for them at the time of the subject incident.

4.5	At that same time, Plaintiff Velasquez was safely driving northbound on a curved section of US 285 behind Defendant Singh, and upon rounding the curve collided the back of Singh's tractor-trailer.

4.6	As a result of this incident, Concepcion Velasquez was injured.

## V.
## COUNT ONE – NEGLIGENCE OF DEFENDANT SINGH

5.1     Defendant Singh committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of the injuries of Concepcion Velasquez, and his resulting damages.

5.2     Defendant Singh's negligent acts include, but are not limited to:

   a.   Failure to maintain proper control of the subject commercial motor vehicle;

   b.   Failure to keep a proper lookout;

   c.   Failure to keep mental and physical alertness;

   d.   Failure to control speed;

   e.   Failure to timely apply the brakes;

   f.   Failure to turn the vehicle to avoid the collision;

   g.   Failure to maintain the mechanical integrity of the subject commercial motor vehicle;

   h.   Failure to drive in a single lane; and

   i.   Failure to control speed and drive at a speed that is reasonable and prudent under the circumstances then existing, in violation of TEX. TRANSP. CODE §545.351.

## VI.
## COUNT TWO – GROSS NEGLIGENCE OF DEFENDANT SINGH

6.1     On the occasion in question, Defendant Singh committed acts of omission and commission, which collectively and severally constituted gross negligence.

6.2     These acts of omission and commission, when taken separately and/or together, rise above mere negligence and constitute gross negligence that was a proximate cause of Concepcion Velasquez's injuries, and his resulting damages.

6.3     The wrong done by Defendant Singh, in operating the subject vehicle in the manner he did, even after learning of, knowing, and realizing the potential for

serious injury and/or death when operating the vehicle at an excessive speed in such hazardous conditions, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

6.4     Defendant Singh's conduct, when viewed objectively from his standpoint at the time of his conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Singh was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of other individuals on public roadways, including Concepcion Velasquez.

6.5     Defendant EZ Transport authorized, ratified, and/or approved Defendant Singh's conduct that proximately caused Concepcion Velasquez's injuries and his resulting damages.

6.6     Further, Defendant Singh was unfit for performing his assigned job duties, and Defendant EZ Transport was reckless in contracting him.

6.7     Defendant Singh's acts of omission and commission, which collectively and severally constitute gross negligence, were proximate causes of the subject incident, Concepcion Velasquez's injuries, and his resulting damages.

## VII.
## COUNT THREE – NEGLIGENCE OF DEFENDANT EZ TRANSPORT

7.1     Defendant EZ Transport, LLC committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of the subject incident, Concepcion Velasquez's injuries, and his resulting damages.

7.2     Defendant EZ Transport, LLC's negligent acts include, but are not limited to:

      a.      Failure to exercise due care in contracting with Defendant Singh, including its failure to inquire into Singh's qualifications, experience, and history;

      b.      Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, Defendant Singh's competence to operate a commercial motor vehicle;

      c.      Failure to monitor, or failure to exercise due care in monitoring, Defendant Singh's competence to operate a commercial motor vehicle, or lack thereof; and

      d.      Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, Defendant Singh; and

## VIII.
## COUNT FOUR – VICARIOUS LIABILITY OF DEFENDANT EZ TRANSPORT

8.1    Additionally, on the date of the incident made the basis of this lawsuit, Defendant Singh was acting as an agent, in the scope of his agency, for Defendant EZ Transport.

8.2    On that date, Defendant EZ Transport (1) intentionally conferred authority on Defendant Singh; (2) intentionally allowed Defendant Singh to believe he had authority; or (3) through lack of due care allowed Defendant Singh to believe he had authority.

8.3    In the alternative and without waiving the foregoing, Defendant EZ Transport (1) affirmatively held Defendant Singh out as having authority to act on their behalf; (2) knowingly permitted Defendant Singh to hold himself out as having authority; or (3) acted with such a lack of ordinary care as to cloth Defendant Singh with the indicia of authority.

8.4    All of the acts of negligence described herein, and as specifically alleged against Defendant Singh, were proximate causes of the subject incident, Concepcion Velasquez's injuries, and his resulting damages.

## IX.
## COUNT FIVE – GROSS NEGLIGENCE OF DEFENDANT EZ TRANSPORT

9.1     During relevant times to this action, EZ Transport, through its vice principals, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Concepcion Velasquez injuries, and his resulting damages.

9.2     The wrong done by EZ Transport, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

9.3     EZ Transport's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and EZ Transport was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

9.4     Further, EZ Transport authorized, condoned, approved, and/or ratified its agents' grossly negligent conduct that proximately caused Concepcion Velasquez's injuries, and his resulting damages.

9.5     Further, Defendant Singh was unfit for performing his assigned job duties, and EZ Transport was reckless in contracting with him.

## X.
## DAMAGES

**A.     Personal Injury Damages**

10.1    As a direct and proximate result of the foregoing events, Concepcion Velasquez has suffered damages in the past and, in reasonably likelihood, will continue to suffer damages in the future.

10.2    Accordingly, Plaintiff seeks the following elements of damages from Defendants Karanjit Singh d/b/a Sahiab Trucking and/or EZ Transport, LLC:

a. Past physical pain;

b. Future physical pain;

c. Past mental anguish;

d. Future mental anguish;

e. Past loss of earning capacity;

f. Future loss of earning capacity;

g. Past disfigurement;

h. Future disfigurement;

i. Past physical impairment;

j. Future physical impairment;

k. Past medical care expenses; and

l. Future medical care expenses;

**B.    Exemplary Damages**

10.3    As a result of the gross negligence committed by Defendant Karanjit Singh d/b/a Sahiab Trucking Plaintiff seeks exemplary damages against Defendant in an amount the finder of fact deems appropriate.

**C.    Interest**

10.4    Plaintiff seeks pre-judgment and post-judgment interest at the applicable rate allowed by law.

# XI.
# CONDITIONS PRECEDENT

11.1    Pursuant to FED. R. CIV. P. 9, all conditions precedent to Plaintiff's rights to recover herein and to the defendants' liability have been performed or have occurred.

# XII.
# PRAYER

12.1    Plaintiff Concepcion Velasquez prays that Defendants Karanjit Singh d/b/a Sahiab Trucking and EZ Transport, LLC, answer for their tortious conduct, this case be set for trial, and Plaintiff recovers a judgment of and from Karanjit Singh d/b/a Sahiab Trucking and EZ Transport, LLC, for damages in such amount as the evidence may show and the finder of fact may determine to be proper.

Respectfully submitted,

**CRAFT LAW FIRM, P.C.**

By:    /s/ *Hunter Craft*
       **J. Hunter Craft**
       Attorney-in-Charge
       State Bar No. 24012466
       **Mason W. Herring**
       State Bar No. 24071746
       2727 Allen Parkway, Suite 1150
       Houston, Texas 77019
       Telephone:   713.225.0500
       Telefax:     713.225.0566
       Email:       hcraft@craftlawfirm.com
       Email:       mherring@herringlawfirm.com

**ATTORNEYS FOR PLAINTIFF**