IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| CONCEPCION VELASQUEZ, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | No. PE:16-CV-00063-RAJ |
| § | |
| KARANJIT SINGH d/b/a SAHIB § | |
| TRUCKING, and EZ TRANSPORT, LLC, § | |
|     *Defendants*. § | |

### ORDER DISMISSING DEFENDANT EZ TRANSPORT, LLC

BEFORE THE COURT is Plaintiff Concepcion Velasquez's ("Plaintiff") Complaint alleging negligence against Defendants Karanjit Singh d/b/a Sahib Trucking, and EZ Transport, LLC (collectively, "Defendants"). (Doc. 1). Plaintiff has failed to comply with this Court's previous order to file proof of service upon Defendant EZ Transport, LLC on or before March 16, 2017. The Court entered a Show Cause Order on January 26, 2017, requiring Plaintiff to "file with the Clerk of this Court proof of service upon Defendants, **KARANJIT SINGH** and **EZ TRANSPORT, LLC**, no later than **February 9, 2017**." (Doc. 6). To date, Plaintiff has not filed any Certificate of Service issued by the Secretary of State for the State of Texas indicating service on Defendant EZ Transport, LLC has been completed. Therefore, the Court **DISMISSES** Plaintiff's claims against Defendant EZ Transport, LLC for failure to prosecute and failure to comply with Court Orders.

If a plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order, a court may dismiss the action based on its inherit powers. FED. R. CIV. P. 41(b); *Aucoin v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8–9 (5th Cir. 1991). A district court may dismiss *sua sponte* an action for failure to comply with any court order or failure to prosecute. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see also, McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has inherent authority to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order). "The power to invoke this sanction is necessary

in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  Thus, federal courts have the authority to dismiss *sua sponte* for lack of prosecution in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 632; *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

In this case, Plaintiff has filed a Certificate of Service issued by the Secretary of State for the State of Texas indicating service on Defendant Karanjit Singh d/b/a Sahib Trucking has been completed.  However, Plaintiff has not filed any Certificate of Service for Defendant EZ Transport, LLC by the requisite deadline.  Therefore, in the interest of judicial economy, Plaintiff's claims against Defendant EZ Transport, LLC shall be **DISMISSED** for want of prosecution and failure to comply with this Court's Orders.

It is therefore **ORDERED** that Plaintiff has failed to prosecute his case against Defendant EZ Transport, LLC, and comply with the orders of this Court.  As a result, Plaintiff's claims against Defendant EZ Transport, LLC are hereby **DISMISSED WITHOUT PREJUDICE** for want of prosecution and failure to comply with the Orders of this Court.

It is so **ORDERED.**

SIGNED this 7th day of July, 2017.

_____
ROBERT JUNELL
SENIOR U. S. DISTRICT JUDGE